NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PEDRO SANTOS, on behalf of himself and all others similarly situated,<br>      Plaintiff,<br><br>v.<br><br>CARRINGTON MORTGAGE SERVICES, LLC, AMERICAN MODERN INSURANCE GROUP, AMERICAN MODERN HOME INSURANCE COMPANY, MIDWEST ENTERPRISES, INC., d/b/a AMERITRAC BUSINESS SOLUTIONS, and SOUTHWEST BUSINESS CORPORATION,<br>      Defendants. | **OPINION AND ORDER**<br><br>No. 2:15-cv-864 (WHW-CLW) |

**Walls, Senior District Judge**

  In this putative class action, Plaintiff alleges that his mortgage servicer and several insurers engaged in a kickback scheme involving force-placed hazard insurance. On July 8, 2015, the Court denied Defendants' motion to dismiss, holding that the filed rate doctrine did not bar Plaintiff's claims. ECF No. 53. Since then, the Second Circuit overturned a case that the Court referred to in its opinion, finding that the filed rate doctrine was applicable to a nearly identical case. *Rothstein v. GMAC Mortgage, LLC*, No. 12 Civ. 3412, 2013 WL 5437648 (S.D.N.Y. Sept. 30, 2013), *overturned sub nom. Rothstein v. Balboa Ins. Co.*, No. 14-2250-CV, 2015 WL 4460713 (2d Cir. July 22, 2015). Defendants now move for an interlocutory appeal of the Court's decision. ECF No. 60. Decided without oral argument under Fed. R. Civ. P. 78, Defendants' motion is granted.

1

NOT FOR PUBLICATION

## STANDARD FOR INTERLOCUTORY APPEALS

A non-prevailing party may pursue an interlocutory appeal only when (1) the order involves a controlling question of law, (2) as to which there is a substantial ground for a difference of opinion, and (3) the final resolution of the appeal has the potential to materially advance the determination of the litigation. 28 U.S.C. § 1292(b); *see also Tristani ex rel. Karnes v. Richman,* 652 F.3d 360, 365 (3d Cir. 2011). Any appeal under 28 U.S.C. § 1292(b) represents a "deviation from the ordinary policy of avoiding piecemeal appellate review of trial court decisions which do not terminate the litigation." *Interfaith Cmty. Org., Inc. v. PPG Industries, Inc.,* 702 F. Supp. 2d 295, 319 (D.N.J. 2010) (quoting *United States v. Hollywood Motor Car Co.,* 458 U.S. 263, 265 (1982)). "The decision whether or not to grant certification is entirely within the district court's discretion, and even if all three criteria under Section 1292(b) are met, the district court may still deny certification." *Barrios v. Suburban Disposal, Inc.,* 2014 WL 3058516 (D.N.J. July 7, 2014) (citations omitted).

## DISCUSSION

Because the filed rate doctrine could require the dismissal of Plaintiff's claims, the Court's order involves a controlling question of law, the final resolution of which would advance the determination of the litigation. The Second Circuit's recent opinion contrasts with the Court's earlier reasoning. *Rothstein,* 2015 WL at 4460713. Apart from the Second Circuit's ruling, there is little appellate law on the doctrine's applicability to Plaintiff's varied causes of action, which are mirrored in actions across the country. *See, e.g., Ellsworth v. U.S. Bank, N.A.,* 908 F. Supp. 2d 1063, 1082-84 (N.D. Cal. Dec. 11, 2012); *Simpkins v. Wells Fargo Bank, N.A.,* No. 12-CV-00768-DRH-PMF, 2013 WL 4510166, at *5 (S.D. Ill. Aug. 26, 2013); *Montoya v. PNC Bank, N.A.,* No. 14-20474-CIV, 2014 WL 4248208, at *20 (S.D. Fla. Aug. 27, 2014); *Maloney v. Indymac*

*Mortgage Servs.,* 2014 WL 6453777, at *4 (C.D. Cal. Nov. 17, 2014). Although it discussed the filed rate doctrine in the context of the Real Estate Settlement Procedures Act ("RESPA") in *Alston v. Countrywide Fin. Corp.,* 585 F.3d 753, 763 (3d Cir. 2009), the Third Circuit has not yet decided whether the doctrine bars the claims at issue here. Plaintiff argues that other district courts within this Circuit have applied *Alston*'s holding to non-RESPA claims, *see Laffan v. Santander Bank, N.A,* No. CIV.A. 13-4040, 2014 WL 2693158 (E.D. Pa. June 12, 2014), *Gallo v. PHH Mortgage Corp.,* 916 F. Supp. 2d 537, 544 (D.N.J. 2012), but this Court is not bound by these decisions. It follows that a substantial ground for a difference of opinion exists here, each prong of the test set forth in § 1292(b) is met, and an interlocutory appeal is appropriate.

## CONCLUSION AND ORDER

It is hereby ORDERED that Defendants' motion, ECF No. 60, is GRANTED. The case is certified for interlocutory appeal.

DATE: 2 September 2015

Hon. William H. Walls
United States Senior District Judge