NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| PEDRO SANTOS, on behalf of himself and all others similarly situated,<br><br>                Plaintiff,<br><br>v.<br><br>CARRINGTON MORTGAGE SERVICES, LLC, AMERICAN MODERN INSURANCE GROUP, AMERICAN MODERN HOME INSURANCE COMPANY, MIDWEST ENTERPRISES, INC., d/b/a AMERITRAC BUSINESS SOLUTIONS, and SOUTHWEST BUSINESS CORPORATION,<br><br>              Defendants. | **OPINION AND ORDER**<br><br>No. 2:15-cv-864 (WHW-CLW) |

**Walls, Senior District Judge**

In this putative class action, Plaintiff alleges that his mortgage servicer and several insurers engaged in a kickback scheme involving force-placed hazard insurance. A full factual background is detailed in the Court's July 8, 2015 opinion denying Defendants' motions to dismiss and incorporated by reference here. ECF No. 53 at 1-4. In that opinion, the Court held that the filed rate doctrine did not bar Plaintiff's claims. *Id*. On September 2, 2015, after the Second Circuit overturned a case that the Court referred to in its opinion, finding that the filed rate doctrine was applicable to a nearly identical case, *Rothstein v. GMAC Mortgage, LLC*, No. 12 Civ. 3412, 2013 WL 5437648 (S.D.N.Y. Sept. 30, 2013), *overturned sub nom. Rothstein v. Balboa Ins. Co.*, No. 14-2250-CV, 2015 WL 4460713 (2d Cir. July 22, 2015), the Court granted Defendants' motion for an interlocutory appeal of the decision under 28 U.S.C. § 1292(b). ECF No. 69. Plaintiff now moves for reconsideration of the Court's order granting the certificate of appealability under Local Civil Rule 7.1(i). ECF No. 70. Plaintiff filed a supplemental letter in

1

NOT FOR PUBLICATION

support of the motion for reconsideration on September 24, 2015. ECF No. 71. Defendants submitted a memorandum in opposition to the motion on October 5, 2015, ECF No. 72, and Plaintiff filed a reply brief in further support on October 13, 2015. ECF No. 73. Decided without oral argument under Fed. R. Civ. P. 78, Plaintiff's motion is denied.

## LEGAL STANDARD

Local Civil Rule 7.1(i) allows a party to seek a motion for reconsideration within 14 days after entry of the judgment, and directs the party seeking reconsideration to submit "a brief setting forth the matter or controlling decisions which the party believes the Judge . . . has overlooked." L. Civ. R. 7.1(i) (as amended by Order of Chief Judge Garrett E. Brown, March 1, 2010). The Third Circuit has held that the "purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Cafe ex rel. Lou-Ann v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citation omitted).

Reconsideration motions, however, may not be used to relitigate old matters, nor to raise arguments or present evidence that could have been raised before the entry of judgment. Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2810.1. "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *Gutierrez v. Ashcroft*, 289 F. Supp. 2d 555, 561 (D.N.J. 2003) (quoting *G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990)). Such motions will only be granted where (1) an intervening change in the law has occurred, (2) new evidence not previously available has emerged, or (3) the need to correct a clear error of law or prevent a manifest injustice arises. *North River Ins. Co. v. CIGNA Reins. Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

NOT FOR PUBLICATION

Because reconsideration of a judgment after its entry is an extraordinary remedy, requests under these rules are to be granted "sparingly," and only when "dispositive factual matters or controlling decisions of law" were brought to the court's attention but not considered. *Yurecko v. Port Auth. Trans-Hudson Corp.*, 279 F. Supp. 2d 606, 608-609 (D.N.J. 2003); *NL Indus. Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996); *Pelham v. United States*, 661 F. Supp. 1063, 1065 (D.N.J. 1987).

## DISCUSSION

Plaintiff argues that the Court should reconsider its decision to grant the interlocutory appeal because the Court made clear errors of law and because new evidence not previously available has emerged that is relevant to the Court's decision. Plaintiff claims that, in granting the motion for interlocutory appeal, the Court overlooked (a) that the Second Circuit's decision in *Rothstein* has no bearing on the applicability of the filed rate doctrine to most defendants in this case, and (b) that the *Rothstein* decision is inapposite because it did not address the New Jersey kickback statute at issue in this case. ECF No. 70 at 3-6. Plaintiff also claims that several newly uncovered facts distinguish this action from the one in *Rothstein*, including (a) a 2014 news article reporting that the parent company of Defendant Carrington Mortgage Services, LLC ("Carrington") disclosed it was being investigated for involvement in a potential kickback scheme, *id.* at 6-10, (b) a settlement between Defendant American Modern Insurance Group, Inc. ("American Modern") and the insurance departments of 50 states and the District of Columbia where American Modern admitted to "an issue with respect to potential charges in excess of the filed and/or approved rates for its lender-placed products," ECF No. 71 at 1, and (c) a report by the State of Florida Office of Insurance Regulation finding that American Modern "failed to use filed rates." *Id.* at 2. None of these arguments require reconsideration.

NOT FOR PUBLICATION

## I. There is no clear error of law or manifest injustice to correct or prevent.

Plaintiff argues that reconsideration is necessary because the Court overlooked two "dispositive factual matters" raised by Plaintiff in his opposition to the motion for interlocutory appeal. ECF No. 70 at 3. Both "factual matters" are actually legal arguments made in Plaintiff's opposition and repeated here. Because the Court's decision to allow the interlocutory appeal did not involve a clear error of law or create a manifest injustice, Plaintiff's repeated arguments raise no grounds to reconsider the decision.

Plaintiff claims that *Rothstein*, which held that the filed rate defense barred claims against an insurance provider, creates a "potential contrast" to the Court's earlier reasoning only with respect to the claims against the insurance providers in this case, American Modern Insurance Group, American Modern Home Insurance Company, and Midwest Enterprises (collectively, the "American Modern Defendants"), and not with regard to Defendant Carrington, the servicer of Plaintiff's loan, or Defendant Southwest Business Corporation, the servicer of Carrington's force-placed insurance program. *Id.* at 3-5; *see also* ECF No. 67 at 11. As Plaintiff acknowledged in his opposition to the motion for interlocutory appeal, the *Rothstein* court did not address whether the filed rate defense applied to lenders or servicers because the plaintiffs in that case had already settled their claims against those parties. ECF No. 67 at 11. Because there is "little appellate law on the [filed rate] doctrine's applicability to Plaintiff's varied causes of action," this Court found that *Rothstein* created a "substantial ground for a difference of opinion" with respect to Plaintiff's claims against all defendants. ECF No. 69 at 2 (quoting 28 U.S.C. § 1292(b)). Plaintiff's attempt to limit *Rothstein*'s holding to insurance providers is merely a "recapitulation" of an argument already considered by the Court. *Gutierrez*, 289 F. Supp. 2d at 561. Though Plaintiff may raise the argument on appeal, he may not make it again here.

4

NOT FOR PUBLICATION

Similarly, Plaintiff repeats his attempt to distinguish *Rothstein* by arguing that that case involved rates approved by the New York, New Hampshire, and Texas departments of insurance, while Plaintiff's claim here involves a New Jersey state statute, N.J.S.A. 17:29-A-15, which prohibits "kickbacks" like the ones alleged by Plaintiff. ECF No. 70 at 5; *see also* ECF No. 67 at 8-10. Because N.J.S.A. 17:29A-15 does not explicitly provide an independent, private right of action, however, the Third Circuit may follow *Rothstein*'s reasoning and find that the filed rate doctrine bars the claims at issue even if Plaintiff invokes the New Jersey statute. Again, Plaintiff's statutory distinction is a recapitulation of an argument already considered by the Court. While perhaps relevant on appeal, the argument provides no basis for the Court to reconsider its previous decision. *Gutierrez*, 289 F. Supp. 2d at 561.

## II. The "new evidence not previously available" does not create issues of fact that change the validity of the Court's reasoning.

Plaintiff attempts to introduce three "new" factual developments that he claims create a dispute as to whether Defendants actually charged him the filed, State-approved rate necessary to invoke the filed rate doctrine. All three pieces of evidence were previously available, and none is material such that denial of Plaintiff's motion would be a manifest injustice.

### A. The Irish bond prospectus is not new evidence and does not create new issues of fact.

Plaintiff cites a July 31, 2014 Associated Press article published on the PBS News Hour website reporting that Carrington Holding Company, Defendant Carrington's parent company, disclosed in an Irish bond offering prospectus discussing the sale of Carrington Insurance Agency, LLC, a "virtual agency" affiliated with the company, that referral commissions expected by Carrington Insurance Agency were the subject of several regulatory inquiries and

might eventually be categorized as unlawful "kickbacks." ECF No. 70 at 6-10 (citing Jeff Horwitz, *Mortgage Servicers go to Extreme Lengths to Skirt New Regulations*, Associated Press, (July 31, 2014, 7:12 pm EST), http://www.pbs.org/newshour/rundown/mortgage-servicers-create-multi-million-dollar-shell-companies-skirt-regulations/). Plaintiff argues that the prospectus, where Carrington Holding Company also disclosed that it had agreed to refund part of the Carrington Insurance Agency purchase price if regulatory actions prevented the company from continuing to collect commissions, "show[s] that Defendant Carrington has gone to great lengths to hide its unlawful force placed kickback scheme" and distinguishes this case from *Rothstein*. *Id.* at 9-10.

As an initial matter, this article cannot provide the basis for reconsideration because "new evidence" in a motion for reconsideration is not merely "evidence that a party obtains or submits to the court after an adverse ruling." *Howard Hess Dental Labs., Inc. v. Denstply Int'l Inc.*, 602 F.3d 237, 252 (3d Cir. 2010). Instead, "new evidence" is "evidence that a party could not earlier submit to the court because that evidence was not previously available." *Id*; *see also Kelly v. Hendricks*, 2006 WL 231570, at *2 (D.N.J. Jan. 30, 2006) ("A party seeking to introduce new evidence on reconsideration bears the burden of demonstrating that evidence was unavailable or unknown at the time of the original hearing"). The Irish bond offering article was published in July 2014, more than six months before Plaintiff filed his complaint, and Plaintiff gives no explanation why he could not have submitted it at the earlier stages of litigation.

In any event, the article provides no basis for reconsideration. "To permit reconsideration when new evidence is available, the moving party must present new evidence that would alter the disposition of the case." *Interfaith Community Organization, Inc. v. PPG Industries, Inc.*, 702 F. Supp. 2d 295, 317 (D.N.J. 2010). The Irish bond offering article includes nothing that would

alter disposition of the case. It discusses activity involving Defendant Carrington's parent company and an affiliate, not Carrington or any of the other Defendants, and it has nothing to do with the application of the filed rate doctrine. Plaintiff claims that "Carrington's admissions in the prospectus are consistent with the allegations in Plaintiff's complaint" regarding the existence of a force-placed insurance kickback scheme, ECF No. 73 at 5, but the prospectus merely discloses that Carrington Holding is the subject of regulatory investigations without admitting any wrongdoing. Regardless of its potential evidentiary weight, this "admission" is irrelevant here: the issue on interlocutory appeal is whether the filed rate doctrine bars Plaintiff's claim in light of *Rothstein*, not whether Plaintiff can eventually prove his claim if it is not barred. Plaintiff baldly asserts that the Irish bond offering prospectus "establish[es] factual disputes over whether the American Modern Defendants charged the filed rate" and whether Defendant Carrington "paid the filed rate," *id*. at 7, but this is mere speculation; he points to nothing in the article or prospectus discussing rates.

### B. The American Modern regulatory settlement agreement is not new evidence and does not create new issues of fact.

In a letter to the Court submitted on September 24, 2015,[1] Plaintiff discusses an April 28, 2015 settlement agreement between Defendant American Modern Insurance Group Inc. and the insurance departments of all 50 states and the District of Columbia for "potential charges in excess of the filed and/or approved rates for its lender-placed products" during the period when Plaintiff was charged for insurance. ECF No. 71 at 1. This settlement agreement, Plaintiff says,

---

[1] This letter was submitted without permission of the Court and more than "14 days after the entry of the order" granting interlocutory appeal. Local Rule 7.1(i). Plaintiff is admonished that such practices are not welcome and may result in the Court's refusal to consider same.

creates a "factual dispute[ ] over whether the American Modern Defendants charged the filed rate" to Plaintiff, rendering the filed rate doctrine potentially inapplicable. ECF No. 73 at 7.

Again, despite Plaintiff's unsupported claim that the April 28 settlement agreement "meets the standard for 'new evidence'" because it was signed "several weeks before Plaintiff filed its opposition" to Defendants' motions to dismiss and "just 90 days before Defendants filed their motion for interlocutory review," it cannot serve as a basis for reconsideration because it was available to Plaintiff at both of those stages. *Howard Hess Dental Labs.*, 602 F.3d at 252; *see* ECF Nos. 43, 44, 45 (filed May 11, 2015); ECF No. 67 (filed August 25, 2015). Plaintiff's suggestion that the Court should disregard the actual date of the agreement because there is "no information in the record as to when [the document was] made public" is unavailing: Plaintiff "bears the burden of demonstrating" that the settlement agreement was "unavailable or unknown" at the time of either the motion to dismiss or motion for interlocutory appeal, *Kelly*, 2006 WL 231570, at *2, and he does not claim it was unavailable at either point in time. ECF No. 73 at 6-7.

In any event, this evidence would not "alter the disposition of the case." *Interfaith Community Organization*, 702 F. Supp. 2d at 317. As the Court discussed in its denial of Defendants' motions to dismiss, "Plaintiff challenges Defendants' conduct, not the reasonableness or propriety of the rate itself." ECF No. 53 at 6. Plaintiff has not attempted to amend his complaint to allege otherwise; the rate is simply not at issue. And, as Defendants point out, the settlement agreement does not create a question of fact as to whether Plaintiff was charged more than American Modern's filed rate: the agreement states that "eligible borrowers" who were charged rates that "may have exceeded the applicable filed and/or approved rates" were sent claim forms to file for restitution on June 30, 2014. ECF No. 72 at 5-6 (citing

American Modern Regulatory Settlement Agreement, ECF No. 72 Ex. 2 at 5). Plaintiff does not allege that he received a claim form, nor does he actually assert that he was charged more than the filed rate.

### C. The Florida Office of Insurance Regulation report is not new evidence and does not create new questions of fact.

For similar reasons, Plaintiff's final item of "newly discovered evidence" does not provide a basis for reconsideration. Plaintiff introduces a report published by the State of Florida Office of Insurance Regulation ("FOIR") on July 6, 2015 finding that Defendant American Modern had "charged rates that were different from its filed and approved rates" during the period when Plaintiff was charged for insurance. ECF No. 71 at 2 (quoting FOIR Target Market Conduct Final Examination Report, ECF No. 71 Ex. B at 2). Plaintiff claims this report "put[s] in dispute" whether Defendant American Modern charged filed rates in its contracts with Defendant Carrington, rendering the filed rate doctrine potentially inapplicable. ECF No. 73 at 2.

Again, Plaintiff has not demonstrated that the FOIR report is "newly discovered evidence" that can serve as a basis for reconsideration of the Court's opinion. *Howard Hess Dental Labs.*, 602 F.3d at 252. Though the July 6 report was published only two days before the Court denied Defendants' motions to dismiss, it was published twenty-five days before Defendants filed their motion for interlocutory appeal and fifty days before Plaintiff filed his opposition. *See* ECF No. 60 (filed July 31, 2015); ECF No. 67 (filed August 25, 2015). Plaintiff does not actually claim that the FOIR report was previously unavailable and offers no explanation why he did not submit the report at that stage.

In any event, the FOIR report also would not "alter the disposition of the case." *Interfaith Community Organization*, 702 F. Supp. 2d at 317. As Plaintiff and Defendants agree, the FOIR

NOT FOR PUBLICATION

"derives its authority to examine the American Modern Defendants from the Florida statutes cited in the report," not the New Jersey statute that Plaintiff cites elsewhere to distinguish this case from *Rothstein*. ECF No. 72 at 6,7; ECF No. 73 at 5, 9. And though Plaintiff claims that the FOIR report has "no defined geographic scope," ECF No. 73 at 5, he does not argue that the report discusses American Modern's compliance with New Jersey filed rates at all, let alone whether Plaintiff in particular was charged the filed rate. The FOIR report does not create a question of fact material to this case.

## CONCLUSION AND ORDER

Plaintiff's arguments may or may not be successful on appeal, but none are grounds for reconsideration by this Court. Plaintiff presents no intervening change in the law, previously unavailable evidence, or clear errors in the Court's earlier ruling that would make denial of this motion a manifest injustice. It is hereby ORDERED that Plaintiff's motion for reconsideration, ECF No. 70, is denied.

DATE: 18 November 2015

Hon. William H. Walls
United States Senior District Judge