NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PEDRO SANTOS, on behalf of himself and all others similarly situated,<br><br>                Plaintiff,<br><br>      v.<br><br>CARRINGTON MORTGAGE SERVICES, LLC, AMERICAN MODERN INSURANCE GROUP, AMERICAN MODERN HOME INSURANCE COMPANY, MIDWEST ENTERPRISES, INC., d/b/a AMERITRAC BUSINESS SOLUTIONS, and SOUTHWEST BUSINESS CORPORATION,<br><br>                Defendants. | **OPINION AND ORDER**<br><br>No. 2:15-cv-864 (WHW-CLW) |

**Walls, Senior District Judge**

In this putative class action, Plaintiff alleges that his mortgage servicer and several insurers engaged in a kickback scheme involving force-placed hazard insurance. A full factual background is detailed in the Court's July 8, 2015 opinion denying Defendants' motions to dismiss and incorporated by reference here. ECF No. 53 at 1-4. The Court has not yet certified this action as a class action. Plaintiff now moves to appoint his counsel of record, the Law Offices of Roosevelt N. Nesmith, LLC and Giskan Solotaroff Anderson & Stewart LLP, as interim co-class counsel. ECF No. 82. Defendants oppose the motion. ECF No. 83. Decided without oral argument under Fed. R. Civ. P. 78, Plaintiff's motion is denied.

NOT FOR PUBLICATION

## LEGAL STANDARD

Rule 23 of the Federal Rules of Civil Procedure provides that a court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3).

"Although neither the federal rules nor the Advisory Committee Notes expressly so state, it appears to be generally accepted that the considerations set out in Rule 23(g)(1)(C), which govern the appointment of class counsel once a class is certified, apply equally to the designation of interim class counsel before certification." *Yaeger v. Subaru of America, Inc.*, 2014 WL 7883689, at * 1 (D.N.J. Oct. 8, 2014) (quoting *In re Air Cargo Shipping Servs. Antitrust Litig.*, 240 F.R.D. 56, 57 (E.D.N.Y.2006)); *Waudby v. Verizon Wireless Services, Inc.*, 248 F.R.D. 173, 175–76 (D.N.J. 2008) (finding that courts choosing interim class counsel can apply the same factors that apply in choosing class counsel at the time of certification of the class, i.e., the standards set forth in Rule 23(g)(1)).

The factors to be considered are: (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources counsel will commit to representing the class. *Yaeger*, 2014 WL 7883689, at *2 (citing *Durso v. Samsung Elecs. Am., Inc.*, 2013 WL 4084640, at *3 (D.N.J. Aug. 7, 2013), Fed. R. Civ. P. 23(g)(1)(A)). The Court must decide which candidate is best qualified, holding dispositive no single factor. Fed. R. Civ. P. 23(g)(2)(B). The Court also has the discretion to appoint more than one firm to act as co-lead counsel. *See, e.g., In re Air Cargo Shipping*, 240 F.R.D. at 58–59 (appointing four law firms as co-lead counsel);

*Nowak v. Ford Motor Co.*, 240 F.R.D. 355 (E.D.Mich.2006) (appointing two law firms as interim co-lead counsel).

In addition to the mandatory factors enumerated in Rule 23(g)(1)(A), "the Court may also consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class and may, if it deems it necessary, direct the proposed class counsel to provide information on any subject pertinent to the appointment." *In re Terazosin Hydrochloride*, 220 F.R.D. 672, 701–02 (S.D. Fla. 2006); *see* Fed. R. Civ. P. 23(g)(1)(C) (ii)-(iii); Report: Third Circuit Task Force on Selection of Class Counsel, 208 F.R.D. 340, 419–20 (3d Cir. 2002) (citing additional considerations regarding counsel's motivation, experience, and understanding of case and lead plaintiff's economic stake in litigation).

The Manual for Complex Litigation provides further guidance concerning the propriety of interim class counsel appointment prior to class certification. The Manual states, in part, that:

> *If the lawyer who filed the suit is to be the only lawyer seeking appointment as class counsel, appointing interim class counsel may be unnecessary.* If, however, there are a number of overlapping, duplicative, or competing suits pending in other courts, and some or all of those suits may be consolidated, a number of lawyers may compete for class counsel appointment. In such cases, designation of interm counsel clarifies responsibility for protecting the interest of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiation settlement.

Manual for Complex Litigation, Fourth, § 21.11, at 246 (Federal Judicial Center 2004).

## DISCUSSION

In seeking appointment as interim class counsel, Plaintiff's counsel of record argue that they meet the Rule 23(g)(1)(C) factors. ECF No. 82 at 3-4. Plaintiff's counsel claim that, together, they are "able and willing to commit the resources necessary to represent the putative class." ECF No. 82 at 4.

NOT FOR PUBLICATION

This may be so, and the Court does not question their qualifications under Rule 23(g)(1) at this point. But "Plaintiffs' counsel do not identify particular issues and/or concerns relevant to the orderly and efficient adjudication of this litigation on a putatively class basis. Nor do Plaintiffs' counsel point to any competing litigation issues associated with the present counsel in this action." *Yaeger*, 2014 WL 7883689, at *2. No other attorneys have entered an appearance on behalf of any class members in this action, and Plaintiff's counsel do not claim that there are any "overlapping, duplicative, or competing suits" pending in any other courts.

The Court finds the appointment of interim class counsel unnecessary at this time. *See Kuzian v. Electrolux Home Prods.*, 937 F. Supp. 2d 599, 619-20 (D.N.J. 2013) (citing the Manual for Complex Litigation and finding appointment of interim class counsel unnecessary because "no other attorneys [had] made their appearance on behalf of other plaintiffs, and because" consolidated cases were all prosecuted by the same counsel); *Yaeger*, 2014 WL 7883689, at *2-3 (same). In the event the concerns listed in the Manual for Complex Litigation arise before this Court has certified a class, counsel may renew their motion.

## CONCLUSION AND ORDER

Because appointment of interim class counsel is unnecessary at this time, it is hereby ORDERED that Plaintiff's motion, ECF No. 82, is denied.

DATE: 15 March 2016

Hon. William H. Walls
United States Senior District Judge

4