**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**CATHY L. WALDOR**<br>UNITED STATES MAGISTRATE JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>ROOM 4040<br>NEWARK, NJ 07101<br>973-776-7862 |

**LETTER ORDER**

Re:    Santos v. Carrington Mort. Servs., et al.
       Civil Action No. 2:15-cv-0864-WHW-CLW

    This matter comes before the Court on the motion to compel (ECF No. 112) filed by Defendants American Modern Insurance Group, Inc., American Modern Home Insurance Company, and Midwest Enterprises, Inc. d/b/a Ameritrac Business Solutions ("American Modern") and opposed by Plaintiff (ECF Nos. 114-15). Decided without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure, the motion is granted in part and denied in part. The in-person conference (ECF No. 131) shall proceed as scheduled, with parties prepared to discuss outstanding disputes as well as any requests for an amended scheduling order.

    The parties and the Court are well-acquainted with the background of this case, as set forth in previous Orders. See ECF Nos. 53, 69, 77, 118. Here, the issue presented is narrow and concerns the scope and timing of discovery. American Modern asks the Court to compel Plaintiff to "provide full and complete responses forthwith to American Modern's contention discovery requests[,]" along with attorney's fees and costs. (Prop. Order, ECF No. 112-14; Motion, ECF No. 112-1.) In particular, American Modern asserts that Plaintiff has improperly "refused to provide the facts upon which the allegations of the Complaint were based until after discovery has been completed[]" and failed "to provide the documents and facts relied on by him in alleging that American Modern inflated the LPI rates filed with and approved by the New Jersey Department of Banking and Insurance, paid undisclosed consideration to [Defendant] Carrington, or made misrepresentations to Plaintiff in the course of its LPI business." (Motion, ECF No. 112-1, at 2.) American Modern maintains that its contention interrogatories are not premature and answers to the same are warranted because the Complaint "retain[s] multiple allegations that Plaintiff has learned in discovery are false." (Id., at 6-10.)

    In opposition, Plaintiff characterizes American Modern's requests as an "inappropriate use of contention interrogatories" and "abusive overreaching[]" that should be denied subject to renewal "following the close of discovery in order to narrow the issues for trial." (Opp., ECF No. 114, at 2, 16-17, 24.)[1] Plaintiff emphasizes that contention "interrogatories are generally viewed as an abuse of the discovery process when served prior to the conclusion of discovery[]" and asserts that "American Modern served its contention interrogatories at the very outset of discovery in

---

[1] The Court cites to the sealed version of Plaintiff's brief, ECF No. 114, but notes that it is the same as the redacted version, ECF No. 115, since the sealing pertains only to exhibits.

September 2015, demanding all facts which supported each allegation against American Modern in Plaintiff's Complaint." (Id., at 9-10.)

The Court is guided by the following:

> Contention interrogatories are permissible to ask a party to state what it contends; to state whether it makes a specified contention; to state all the facts upon which it bases a contention; to take a position, and explain or defend that position, with respect to how the law applies to facts; or to state the legal or theoretical basis for a contention. A court may defer such interrogatories until the end of discovery. The party serving the interrogatories must prove how discovery is benefited by an earlier answer. It must show that early answers will contribute meaningfully to clarifying the issues in the case, narrowing the scope of the dispute, or setting up early settlement discussions, or that such answers are likely to expose a substantial basis for a motion under Rule 11 or Rule 56. However, if the Court forces plaintiff to respond, it may have to set forth theories of its case that have not yet been developed.

Conopco, Inc. v. Warner-Lambert Co., 2000 WL 342872, at *4 (D.N.J. Jan. 26, 2000) (quoting B. Braun Med. Inc. v. Abbott Lab., 155 F.R.D. 525 (E.D.Pa. 1994)) (internal quotation omitted); see also Nestle Foods Corp. v. Aetna Cas. & Sur. Co., 135 F.R.D. 101, 110-11 (D.N.J. 1990) (concluding that contention interrogatories were premature where discovery was in its infancy and noting that judicial economy as well as efficiency for the litigants weighed in favor of deferring contention interrogatories until after substantial amount of discovery was conducted).

Though the Court appreciates Plaintiff's representation that "[t]he discovery record supporting Plaintiff's contentions continues to develop[,]" Motion at 15, there is no indication as to how much time would bring such development to its end and, furthermore, the Court is satisfied that American Modern has demonstrated that early production will contribute meaningfully to the progress of this case. In particular, the concern to await the close of fact discovery is mitigated by the approaching deadline for such as well as the substantial work done in this matter since the briefing on the instant motion concluded. (Second Amended Scheduling Order, ECF No. 121.) And, even assuming an extension of that deadline, prompt and efficient discovery serves judicial economy just as the narrowing of issues favors settlement discussions or critical motions practice—whether as to class certification or dispositive motions. On this point, it is important to observe that such streamlined discovery has near- and long-term benefits ranging from, for example, a class certification motion in the near term to the preparation of a joint final pretrial order in advance of trial. Moreover, the Court has previously noted the complex nature of this case and concomitant delays, Order, ECF No. 118, at 2. Such discovery disputes and delays have persisted. E.g., ECF Nos. 125-26, 135, 137. Thus, in light of the substantial discovery conducted and ever-present need to advance this case, it is appropriate to permit American Modern's contention interrogatories at this stage.

**ACCORDINGLY, IT IS** on this 30th day of November, 2016,

**ORDERED** that American Modern's motion to compel (ECF No. 112) is granted as to the discovery sought but denied as to fees and costs; and

**ORDERED** that the Clerk shall terminate ECF No. 112.


*s/Cathy L. Waldor*

**Dated:     November 30, 2016**          **CATHY L. WALDOR**
**United States Magistrate Judge**