NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| PEDRO SANTOS, on behalf of himself and all others similarly situated,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>CARRINGTON MORTGAGE SERVICES, LLC, AMERICAN MODERN INSURANCE GROUP, AMERICAN MODERN HOME INSURANCE COMPANY, MIDWEST ENTERPRISES, INC., d/b/a AMERITRAC BUSINESS SOLUTIONS, and SOUTHWEST BUSINESS CORPORATION,<br><br>　　　　　　　　　　　Defendants. | **OPINION AND ORDER**<br><br>No. 2:15-cv-864 (WHW-CLW) |

**Walls, Senior District Judge**

In this putative class action, Plaintiff alleges that his mortgage servicer and several insurers engaged in a kickback scheme involving force-placed hazard insurance. A full factual background is detailed in the Court's July 8, 2015 opinion denying Defendants' motions to dismiss and incorporated by reference here. ECF No. 53 at 1-4. The Court has not yet certified this action as a class action. Plaintiff now moves, for the second time this year,[1] to appoint his counsel of record, the Law Offices of Roosevelt N. Nesmith, LLC and Giskan Solotaroff Anderson & Stewart LLP, as interim co-class counsel. ECF No. 147. Defendants oppose the motion. ECF Nos. 152–53. Decided without oral argument under Fed. R. Civ. P. 78, Plaintiff's motion is denied.

---

[1] Plaintiff also moved to appoint the Law Offices of Roosevelt N. Nesmith, LLC and Giskan Solotaroff Anderson & Stewart LLP, as interim co-class counsel on January 8, 2016. ECF No. 82. The Court denied Plaintiff's motion on March 15, 2016. ECF No. 97.

1

NOT FOR PUBLICATION

## LEGAL STANDARD

Rule 23 of the Federal Rules of Civil Procedure provides that a court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3).

"Although neither the federal rules nor the Advisory Committee Notes expressly so state, it appears to be generally accepted that the considerations set out in Rule 23(g)(1)(C), which govern the appointment of class counsel once a class is certified, apply equally to the designation of interim class counsel before certification." *Yaeger v. Subaru of America, Inc.*, 2014 WL 7883689, at * 1 (D.N.J. Oct. 8, 2014) (quoting *In re Air Cargo Shipping Servs. Antitrust Litig.*, 240 F.R.D. 56, 57 (E.D.N.Y.2006)); *Waudby v. Verizon Wireless Services, Inc.*, 248 F.R.D. 173, 175–76 (D.N.J. 2008) (finding that courts choosing interim class counsel can apply the same factors that apply in choosing class counsel at the time of certification of the class, i.e., the standards set forth in Rule 23(g)(1)).

The factors to be considered are: (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources counsel will commit to representing the class. *Yaeger*, 2014 WL 7883689, at *2 (citing *Durso v. Samsung Elecs. Am., Inc.*, 2013 WL 4084640, at *3 (D.N.J. Aug. 7, 2013), Fed. R. Civ. P. 23(g)(1)(A)). The Court must decide which candidate is best qualified, holding dispositive no single factor. Fed. R. Civ. P. 23(g)(2)(B). The Court also has the discretion to appoint more than one firm to act as co-lead counsel. *See, e.g., In re Air Cargo Shipping*, 240 F.R.D. at 58–59 (appointing four law firms as co-lead counsel);

*Nowak v. Ford Motor Co.*, 240 F.R.D. 355 (E.D.Mich.2006) (appointing two law firms as interim co-lead counsel).

In addition to the mandatory factors enumerated in Rule 23(g)(1)(A), "the Court may also consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class and may, if it deems it necessary, direct the proposed class counsel to provide information on any subject pertinent to the appointment." *In re Terazosin Hydrochloride*, 220 F.R.D. 672, 701–02 (S.D. Fla. 2006); *see* Fed. R. Civ. P. 23(g)(1)(C) (ii)-(iii); Report: Third Circuit Task Force on Selection of Class Counsel, 208 F.R.D. 340, 419–20 (3d Cir. 2002) (citing additional considerations regarding counsel's motivation, experience, and understanding of case and lead plaintiff's economic stake in litigation).

The Manual for Complex Litigation provides further guidance concerning the propriety of interim class counsel appointment prior to class certification. The Manual states, in part, that:

> *If the lawyer who filed the suit is to be the only lawyer seeking appointment as class counsel, appointing interim class counsel may be unnecessary.* If, however, there are a number of overlapping, duplicative, or competing suits pending in other courts, and some or all of those suits may be consolidated, a number of lawyers may compete for class counsel appointment. In such cases, designation of interm counsel clarifies responsibility for protecting the interest of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement.

Manual for Complex Litigation (4th) § 21.11 at *1 (Federal Judicial Center 2004). "[T]hose cases in which interim counsel is appointed are typically those in which a large number of putative class actions have been consolidated or are otherwise pending before a single court." *White v. TransUnion, LLC*, 239 F.R.D. 681, 683 (C.D. Cal. 2006) (collecting cases).

## DISCUSSION

Plaintiff's counsel of record argue that the Rule 23(g) factors now favor their appointment as interim co-class counsel because an "overlapping, duplicative, and competing

suit[] now pending in the Southern District of Florida" (the "Florida Action")[2] implicates the concerns listed in the Manual for Complex Litigation. ECF No. 152 at 2–3. The Court disagrees.

Plaintiff claims that the complaint filed in the Florida Action "seeks certification of the substantially same class" and "appears to be part of a strategy by the American Modern Defendants in cooperation with the Florida attorneys . . . to circumvent the jurisdiction of the Court over the claims of Plaintiff and the putative class." In support of this argument, Plaintiff points to a Joint Report filed by counsel in the Florida Action on behalf of the plaintiffs in the similar action *Bowles, et al. v. Fay Servicing, LLC et al.*, No. 16-cv-02714 (D.N.J. Dec. 12, 2016) (Cecchi, J.) and Defendant American Modern Home Insurance, which states that the Florida Action and *Bowles* Plaintiffs reached an agreement in principle with American Modern Home "to settle claims of borrowers under two other lender placed programs in which American Modern or an affiliate were the issuing insurer." *Id.* at 8–9 (quoting, *Bowles*, ECF No. 33-1 at 1)) Following the submission of this Joint Report, which notified the *Bowles* Court of the Parties' intent to file a combined action and settlement in Florida, Mr. Nesmith and Ms. Anderson filed the present motion, ECF No. 147, as well as a letter in this case and in *Bowles* stating that they had not been present when the agreement in principle was reached and had not been provided the terms of the agreement. ECF No. 150.[3]

While Plaintiff has identified a potential conflict between his counsel and counsel in the other actions, the motion fails to explain what the appointment of interim class counsel would accomplish other than to disrupt settlement negotiations. There is no suggestion that the issues raised in the Manual for Complex Litigation are sufficiently implicated here because there is no

---

[2] *Strickland v. Carrington Mortgage Servs.*, No. 16-cv-25237 (S.D.FL. Dec. 18, 2016).
[3] The agreement in principle in *Bowles* and *Strickland* would not prevent Plaintiff from continuing to pursue his individual claims against Defendants.

4

indication that the potentially competing suits may be consolidated with this action, Manual for Complex Litigation (4th) § 21.11 at *1, or that this case and the Florida Action are in similar procedural postures. *White v. TransUnion*, LLC, 239 F.R.D. 681, 683 (C.D. Cal. 2006). Additionally, there is no concern about the authority of Plaintiff's counsel to engage in a settlement to resolve this action or a demonstrated need to protect the time and resources expended in reaching a settlement. *Cf. Friedman v. Guthy-Renker LLC*, No. 14-CV-06009-ODW(AGRx), 2016 WL 2758240, at *2 (C.D. Cal. May 12, 2016) (appointing interim class counsel to prevent uncertainty as to the authority of plaintiff's counsel to finalize a settlement).

In his reply brief, ECF No. 155, Plaintiff further argues that the appointment of interim class counsel is necessary for the efficient adjudication of this action. *Id.* at 1–6. Specifically, Plaintiff contends that the facts and circumstances of the proposed settlement reached in *Bowles* and *Strickland* demonstrate the need for interim class counsel. *Id.* While it is entirely possible that the actions of the Florida attorneys have been inappropriate and resulted in an unsuitable proposed settlement in *Bowles* and *Strickland*, this alone does not support an argument for appointment of interim class counsel. *White*, LLC, 239 F.R.D. at 684. ("Appointment of interim class counsel is not the proper vehicle by which to oppose [] settlement."). Instead, the timing of Plaintiff's motion, the circumstances surrounding the motion, and the justification offered may suggest that Plaintiff seeks appointment of interim class counsel to disrupt settlement discussions taking place in overlapping cases and gain leverage in settlement negotiations.[4] Plaintiff's response to this charge—that this motion is "hardly an indirect attempt to interfere with American Modern's settlement" because he has already taken other measures in *Strickland*

---

[4] In his motion, Plaintiff stated that in addition to filing the present motion he intended to "seek permission to intervene in the Florida Action and have that action transferred to this Court, or in the alternative, to have it stayed or dismissed." ECF No. 147-1 at 9.

NOT FOR PUBLICATION

aimed at that purpose—is unconvincing. ECF No. 155 at 4. The only purpose the appointment of interim class counsel would accomplish at this time is the disruption of the proposed *Strickland* settlement. As Plaintiff has identified, there are a plethora of other appropriate ways that the proposed settlement can be challenged. *Id.* at 3–4; ECF No. 147-1 at 3. Plaintiff's motion is denied.[5]

## CONCLUSION AND ORDER

Because appointment of interim class counsel is not appropriate at this time, it is hereby ORDERED that Plaintiff's motion, ECF No. 147, is denied.

DATE: 17 Janry 2017

Hon. William H. Walls
United States Senior District Judge

---

[5] The Court does not question counsel's qualification under Rule 23(g)(1) at this point.